UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DARRYL MARRANT,

            Petitioner,

  -v-

DENNIS BRESLIN, Superintendent of Arthur
Kill Correctional Facility, and ANDREW
CUOMO, Attorney General of New York,

            Respondents.

-------------------------------------------------------x



No. 09 Civ. 4964 (LTS)(MHD)

### ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Darryl Marrant ("Petitioner") brings this habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction in New York State Supreme Court, New York County. Petitioner was found guilty of Criminal Possession of a Controlled Substance in the Third and Fifth Degrees. The trial court sentenced him to concurrent prison terms of six years, to be followed by three years of post-release supervision. Petitioner is currently serving that sentence. Petitioner asserts two claims for habeas relief: (1) that the trial court's refusal to grant his newly- appointed co-counsel more than a one-half day adjournment to prepare for trial deprived him of his Sixth Amendment and Due Process rights to counsel, to present a defense, and to a fair trial; and (2) that Petitioner's newly-appointed co-counsel's failure to impeach a witness with several prior inconsistent statements during cross-examination deprived him of his Sixth Amendment right to assistance of counsel.

On January 22, 2010, Magistrate Judge Dolinger issued a Report and Recommendation (the "Report"), recommending that the Petition be denied. Timely objections to

the Report were received from Petitioner, and the Court has reviewed thoroughly those objections.

DISCUSSION

When reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept.30, 2002). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly Petitioner's objections, and has considered de novo all of the objections that specifically and clearly address particular findings in the Report. The factual and procedural background of this matter are described in detail in the Report, familiarity with which is presumed. For the following reasons, the Court adopts the Report's analysis and conclusions, and dismisses the Petition.

Numerous of Petitioner's objections to the Report merely recast arguments advanced in support of his Petition. Petitioner argues that the Report fails to properly consider the import of the allegedly flawed manner in which trial counsel made use of inconsistencies in the

arresting officer's testimony. Specifically, Petitioner asserts that defense counsel's failure to impeach the officer with a particular inconsistent statement on cross-examination was not cured by the inconsistent portion of the arresting officer's prior grand jury testimony being later read into evidence. Petitioner submits that this presentation of impeachment evidence along with defense counsel's apparently inadvertently elicitation of consistent statements demonstrate assistance of counsel that was so ineffective as to violate the Constitutional guarantee of assistance of counsel.

To demonstrate a violation of the Sixth Amendment right to assistance of counsel, a criminal defendant must show that his attorney's performance was "outside the wide range of professionally competent assistance," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). This Court has reviewed de novo Petitioner's argument that defense counsel failed to impeach in the manner Petitioner suggests would have been most effective. Even assuming that exposing inconsistencies in a witness' testimony would have been substantially more effective than reading the same inconsistencies into evidence, this objection fails to demonstrate that the trial court unreasonably applied the first element of the Strickland standard. Petitioner's argument is also unavailing as to the second prong of Strickland. That a witness' prior inconsistent statements were read into evidence as opposed to exposed through cross-examination is ultimately a strategic choice. Moreover, the record as a whole reveals that the consequences of choosing one avenue, as opposed to the other, for presenting the impeachment evidence in question were not so profound that the ultimate verdict turned on this decision to a reasonable probability. See Strickland, 466 U.S. at 694.

The Court has also reviewed the remaining aspects of the Report's analysis, to which Petitioner makes only general objections, and finds no clear error. Accordingly, the Court

adopts the Report in its entirety. For the reasons stated in this Order and in the Report, the Petition is dismissed.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006); see United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court finds that Petitioner has not met this burden. Thus, the Court declines to issue a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated: New York, New York
May 17, 2010

LAURA TAYLOR SWAIN
United States District Judge